# CHARLESTON.

GRACE DAVIS LEE *v*. THE CITY OF ELKINS

(No. 5304)

Submitted May 12, 1925.   Decided May 19, 1925.

EQUITY—INJUNCTION.

> Point 1 in the syllabus of *Allen* v. *South Penn Oil Company*, 58 W. Va. 197, and point 2 in the syllabus of *Christie* v. *Malden*, 23 W. Va. 667, followed and applied.
>
> (Equity, 21 C. J. § 489 ; Injunction, 32 C. J. § 407).
>
> NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.

Certified Questions from Circuit Court, Randolph County.

Suit by Grace Davis Lee against the City of Elkins. After sustaining demurrer to bill, trial court certified questions.

*Judgment reversed; demurrer overruled.*

*R. S. Irons,* and *Price, Smith & Spilman,* for appellant.
*H. G. Kump,* for appellee.

HATCHER, JUDGE:

An amendment to the charter of the City of Elkins contained in chapter 8, Acts 1921, provides:

> "* * * and for the purpose of paying the expenses and cost of any * * * sidewalks or footwalks, the said Council may levy a special assessment for the cost thereof against the real estate *benefitted* thereby which *bounds* or *abuts* thereon.
> "* * * and in case of any sidewalks or footwalks the real estate *next adjacent* thereto shall be held liable to pay the whole cost of such sidewalks or footwalks."

On February 2, 1922, the City Engineer for the City of Elkins submitted a report to the City Council that the property of Mrs. Grace Davis Lee abutted on a concrete sidewalk along Randolph Avenue for a distance of 1338.6 feet, and that she should be assessed with the costs thereof, plus ten per cent, amounting in all to $1,897.70. An order was entered by the Council as of that date, stating that due notice

had been served on the property owner; that she had failed
to construct the sidewalk as required by the notice; that the
city, after due and proper advertisement, had proceeded to
construct the walk; that the landowner had been notified of
the intention of the Council of that meeting to act upon the
assessment of the construction; and that the special assess-
ment mentioned in the report be laid.    The order of the
Council in this respect is as follows:

> "It is therefore ordered that the special levy
> be made against Mrs. Grace Davis Lee and her
> real estate adjacent to said sidewalk for the sum
> of $1,897.70."

The order of the Council shows that Mrs. Lee, by her at-
torney, objected to the laying of the assessment, but that
said objection was overruled by the Council.

At April Rules, 1923, a bill was filed in the Circuit Court
of Randolph County against the City of Elkins, by Mrs. Lee.
In addition to the foregoing facts, the bill contains the fol-
lowing allegations: that the plaintiff owned 601.1 feet of
property adjoining the said sidewalk, but did not own the
remaining 737.5 feet of the 1338.6 charged to her in the
assessment of the Council.    This allegation is explained this
way: H. G. Davis, the father of the plaintiff, conveyed to
the Western Maryland Railroad a strip of land 33 feet wide
on each side of the center line of its railroad "together with
an additional width necessary for the slopes of cuts and fills."

This right-of-way was along and in close proximity to the
Beverly and Fairmont Pike, now Randolph Avenue.    At
some places, the cut of the right-of-way extended to the high-
way, while at other places, it came to within a short distance
thereof.    The width and length of the strips between the
right-of-way and the highway not actually a part of the slope
is alleged by the plaintiff, as follows:

> (1)    A strip 82 feet long and approximately
> only one or two feet wide, lying between Randolph
> Street and the stone wall built by the Western
> Maryland Railroad.
> (2)    A strip adjoining the preceding strip, be-
> ing 55 feet long, and approximately 5 or 6 feet
> wide at its widest place.

(3)   A strip 157.5 feet long and about 12 feet wide at its widest place.

(4)   A strip 243 feet long and about 10 or 12 feet at its widest place.

(5)   A strip 200 feet long running from about 10 feet in width at its longest place to a sharp point.

The plaintiff alleges that she is not the owner of these five strips, but that the same are necessary for the slope of the cut, that they passed to the Railroad Company under the deed from H. G. Davis, and that neither she nor her father ever claimed or exercised any ownership over the same.

The bill further alleges that the strips are of no value to plaintiff and cannot be put to any use by her; that neither she nor her property is benefitted by the sidewalk along the 737.5 feet, which is the total distance of the five strips; that the assessment in regard thereto is a personal assessment without authority of law; that she has offered to pay the defendant the cost of the 601.1 feet of sidewalk properly assessable against her, but has never received any statement thereof, and does not know the amount properly chargeable against her therefor.

The bill prays that the order of February 2, 1922, passed by the defendant be annulled, and that the defendant and its representatives be enjoined and restrained from collecting from her the cost of the 737.5 feet of sidewalk.

The trial court sustained a demurrer to this bill, and certified here the questions arising thereon for our decision.

No citation of authority is necessary to support the proposition that all material allegations of fact well pleaded in the bill are taken as true upon a demurrer. The bill herein alleges in positive terms that the five strips of land, aggregating 737.5 feet in length *are necessary for the slope of the cut;* that the title thereto passed to the Railroad Company by the deed from plaintiff's father, and that she is not the owner thereof. The deed referred to, as well as a map showing the street, the right-of-way, the narrow strips and the slopes of the cuts, are filed with the bill. From all of which we are of opinion that her allegations in this respect are

material, reasonable, and well pleaded. If her allegations be accepted as true, then the plaintiff is not the owner of the five several strips, and the City of Elkins had no right to charge against, and attempt to collect from her a levy for the sidewalk abutting thereon.

Equity has jurisdiction to enjoin the collection of an improper levy which the authorities of a municipal corporation illegally assess and attempt to collect. *Christie* v. *Malden,* 23 W. Va. 667.

Plaintiff's bill presents a case for relief in a forum which has the right to grant the relief prayed for. The demurrer to the bill should, therefore, have been overruled. Holding the bill good, for the reason stated, we consider it unnecessary to discuss the other questions raised on demurrer.

The judgment of the lower court is reversed, and the demurrer to the bill overruled.

*Judgment reversed; demurrer overruled.*